UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| PAUL WROBEL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:21-cv-00028-JDL |
| | ) | |
| STATE OF MAINE, et al., | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff asserts various claims against the State of Maine and the Maine Attorney General based on the alleged actions of several current state and federal officials. Plaintiff has moved for judgment on the pleadings. (Plaintiff's Motion, ECF No. 11.) Defendants have moved to dismiss the complaint. (Defendants' Motion, ECF No. 9.)

Following a review of Plaintiff's complaint and after consideration of the parties' submissions, I recommend the Court grant Defendants' motion and dismiss as moot Plaintiff's motion.

**BACKGROUND FACTS**

The following facts are drawn from Plaintiff's complaint, including the attached exhibits, and Plaintiff's subsequent pleadings. *See Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (stating that a court may "consider other filings by a self-represented plaintiff, 'including [the] response to the motion to dismiss, to understand the nature and basis of [his] claims'" (quoting *Wall v.*

*Dion*, 257 F. Supp. 2d 316, 318 (D. Me. 2003)).  A plaintiff's factual allegations are generally deemed true when evaluating a motion to dismiss.  *See McKee v. Cosby*, 874 F.3d 54, 59 (1st Cir. 2017) (considering a motion to dismiss pursuant to Rule 12(b)(6)); *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010) (considering a motion to dismiss pursuant to Rule 12(b)(1)).

Plaintiff claims that certain state, local and federal elected officials committed treason and other criminal acts and thereby trespassed on his constitutional rights. (Complaint ¶¶ 15-18, 20, 21, 24.)  He also alleges millions mail-in ballots were unconstitutionally distributed.  (*Id*. ¶ 48.)  In support of his claims, Plaintiff cites several contracts and select portions of the U.S. Constitution, the Constitution of Maine, and the New Hampshire Constitution and Bill of Rights; he "demands under the coarse [sic] of the common law, the redress of wrongs done to him and of the grievances suffered."  (*Id*. ¶¶ 1, 3, 33-47.)  He also demands the removal of the elected officials, enactment of the "National Security and Reformation Act" and the payment of damages.  (*Id*. ¶¶ 21, 23-24, 34, 48.)

### MOTION TO DISMISS

Defendants move to dismiss Plaintiff's complaint for lack of subject matter jurisdiction (Fed. R. Civ. P. 12(b)(1)) and based on Plaintiff's alleged failure to assert facts to support an actionable claim (Fed. R. Civ. P. 12(b)(6)).  Defendants also argue that the Eleventh Amendment bars the relief sought by Plaintiff.

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.[1] The jurisdiction of the federal courts is limited to "Cases" and "Controversies." *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 730 (1st Cir. 2016) (quoting U.S. Const. art. III, § 2, cl. 1). The limitation reflects "the proper – and properly limited – role of the courts in a democratic society." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).

"A motion to dismiss an action under Rule 12(b)(1) . . . raises the fundamental question whether the federal district court has subject matter jurisdiction over the action before it." *United States v. Lahey Clinic Hosp., Inc.*, 399 F.3d 1, 8 n.6 (1st Cir. 2005) (quotation marks omitted). On such a motion, the court must "credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." *Merlonghi*, 620 F.3d at 54.

Plaintiff's claims are not justiciable because they raise matters that are "commit[ted] … to a coordinate political department," "lack … judicially discoverable and manageable standards for resolving" them, and cannot be decided "without an initial policy determination of a kind clearly for nonjudicial discretion." *Baker v. Carr*, 369 U.S. 186, 217 (1962). Plaintiff also lacks standing to assert any potential claims based on the alleged facts regarding the actions taken by the state, local and federal elected officials, insofar as

---

[1] Pursuant to 28 U.S.C. § 1332, federal district courts also have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 … and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Federal courts, however, do not have diversity jurisdiction where, as here, a state is a party. *U.S.I. Props. Corp. v. M.D. Constr. Co.*, 230 F.3d 489, 500 (1st Cir. 2000); *Hoffman v. Connecticut*, 671 F. Supp. 2d 166, 169 n.3 (D. Me. Sept. 18, 2009).

the allegations reflect grievances concerning matters committed to the representative branches of government. *Chardon – Dubos v. United States*, 273 Fed. App'x 5 (1st Cir. 2008) (citing *FEC v. Akins*, 524 U.S. 11, 24 (1998), and *Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 474 – 75 (1982)); *see also Do-Nguyen v. Clinton*, 100 F. Supp. 2d 1241, 1245 – 47 (S.D. Cal. 2000) (dismissing claims related to executive policy, citing plaintiff's lack of standing to assert claims involving generalized grievances and matters "more appropriately addressed in the representative branches" and, in the alternative, based on nonjusticiability of political question); *Weinstein v. Trump*, No. 1:17-cv-01018, 2017 WL 6544635, at *4 (S.D.N.Y. Dec. 21, 2017) (dismissing action to enforce alleged promise or pledge to address conflicts of interest).

Even if Plaintiff's allegations could be construed to assert a potential claim within the Court's jurisdiction, Plaintiff has not asserted an actionable claim against the named defendants. In reviewing a motion to dismiss under Rule 12(b)(6), a court "must evaluate whether the complaint adequately pleads facts that 'state a claim to relief that is plausible on its face.'" *Guilfoile v. Shields*, 913 F.3d 178, 186 (1st Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Here, Plaintiff has not alleged any facts to suggest the Defendants engaged in any of the conduct about which he complains and thus he has not asserted an actionable claim against the named Defendants.[2]

---

[2] To the extent Plaintiff seeks to institute criminal proceedings against certain individuals, Plaintiff does not have standing to pursue criminal charges against the individuals, or to demand that Defendants institute such proceedings. *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (private citizens lack a judicially cognizable interest in the criminal prosecution of

Furthermore, the State of Maine is immune from suit in this Court under the Eleventh Amendment of the United States Constitution. The State of Maine has immunity under the Eleventh Amendment against suits brought by citizens in federal court, regardless of the form of relief requested. *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n. 6 (1st Cir. 2009) ("A plaintiff may seek prospective injunctive relief against a state official, but may not obtain such relief against a state or its agency because of the sovereign immunity bar of the Eleventh Amendment."). Plaintiff, therefore, cannot prevail in federal court on federal claims asserted against the State, absent waiver of immunity.[3] Also, "[a]bsent an explicit waiver from the state, the Eleventh Amendment bars official capacity suits against state actors in federal court unless the suit seeks prospective injunctive relief." *Caisse v. Dubois*, 346 F.3d 213, 218 (1st Cir. 2003); *see Ex parte Young*, 209 U.S. 123 (1908). Plaintiff has not made any cognizable demand for prospective injunctive relief and has not alleged any facts that would support a finding of waiver. Plaintiff, therefore, cannot prevail in federal court on federal claims asserted against the State of Maine or any individuals in their official capacity.

---

another); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Briand v. Lavigne*, 223 F. Supp. 2d 241, 251 (D. Me. 2002).

[3] Eleventh Amendment immunity may be waived by a state in some circumstances. For example, states that participate in certain federal programs through which they accept federal funds may by such conduct waive immunity under the Eleventh Amendment to causes of action expressly authorized by Congress in the context of such programs. *See*, *e.g.*, *Lebron v. Commonwealth of Puerto Rico*, 770 F.3d 25, 32 (1st Cir. 2014) (providing as examples the Individuals with Disabilities in Education Act and the Rehabilitation Act). *See also Edelman v. Jordan*, 415 U.S. 651, 673 (1974) ("The mere fact that a State participates in a program through which the Federal Government provides assistance for the operation by the State of a system of public aid is not sufficient to establish consent on the part of the State to be sued in the federal courts.").

### MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff has moved for judgment on the pleadings. Fed. R. Civ. P. 12(c). If the Court adopts the recommendation to dismiss Plaintiff's complaint, Plaintiff's motion is moot. If the Court considers the merit of Plaintiff's motion, Plaintiff's motion is without merit.[4]

### CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Defendants' motion to dismiss and dismiss as moot Plaintiff's motion for judgment on the pleadings. In addition, because the Court previously dismissed two other meritless actions initiated by Plaintiff (*see Wrobel v. State of Maine*, *et al.*, No. 1:20-cv-00425-JDL, *Wrobel v. State of Maine, et al.*, No. 1:20-cv-00430-JDL), an order informing Plaintiff that filing restrictions "may be in the offing" in accordance with *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993) is warranted.

### **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

[4] Because Defendants filed a motion to dismiss rather than an answer to the complaint, Plaintiff's motion is arguably premature. The proper time to file a motion for judgment on the pleadings is "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). "'[T]he pleadings are closed for the purpose of Rule 12(c) once a complaint and answer have been filed.'" *McGuigan v. Conte*, 629 F. Supp. 2d 76, 80 (D. Mass. 2009) (quoting *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005)).

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 20th day of July, 2021.